UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RENE APOLONIO PEDRAZA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-1033 DRL-SJF |
| SOUTH BEND POLICE, SOUTH BEND POLICE DEPT, SBPD SVU UNIT, and VICTIM 1, | |
| Defendants. | |

OPINION AND ORDER

Rene Apolonio Pedraza, a prisoner without a lawyer, filed a complaint alleging he was arrested without probable cause. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Pedraza alleges South Bend police officers came to his house with a warrant to take his DNA. After providing a DNA sample, he was then arrested without a warrant. "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy

information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

The probable cause affidavit filed in *State v. Pedraza*, 71D03-2511-F3-48 (St. Joseph Superior Court filed November 21, 2025),[1] says "VICTIM 1 positively identified Rene Pedraza as the perpetrator by showing myself and Det. Maria Duncan a photo of Pedraza while being interviewed." Mr. Pedraza does not discuss or explain why the statements VICTIM 1 made to the police combined with her injuries as documented at the hospital were not reasonably trustworthy information to establish probable cause to arrest him. Though he alleges he has camera footage from his father's house that conflicts with statements VICTIM 1 made to the police, there is no indication the police had that evidence when they arrested him.

It appears Mr. Pedraza is suing VICTIM 1 for lying to the police; but, even if she did, that does not state a federal claim because she was not acting under color of state law. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) ("In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law.").

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[1] The court takes judicial notice of the electronic docket of the State court, available at https://public.courts.in.gov/mycase/. *See* Fed. R. Evid. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). In the spirit of N.D. Ind. L.R. 7-1(f), a copy of the probable cause affidavit is attached. Though Indiana attorneys can access it via the internet, it is not publicly available online.

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim. If Mr. Pedraza believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Rene Apolonio Pedraza until **January 8, 2026** to file an amended complaint; and

(2) CAUTIONS Rene Apolonio Pedraza if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 17, 2025                         *s/ Damon R. Leichty*
                                          Judge, United States District Court